JOSEPH H. ETHERIDGE and others *v.* MELFORD VERNOY.

A assigned to B a portion of a note, specifying the sum assigned; sub-
sequently A assigned to C another part of the same note, likewise
designating the same: *Held*, that B took the sum assigned to him in
severalty, and was entitled to be paid out of the proceeds of the note,
before C. could claim any part thereof.

CIVIL ACTION in the nature of a Bill in Equity, heard upon
exceptions to the report of the Clerk of this court, to whom
the case was referred at the last (June) Term.

The Clerk filed the following report: " In obedience to the order of the court directing the Clerk to inquire and report upon the respective rights of the plaintiffs *inter se*, in the funds derived from the sale of the lands in said cause, reports that the assignment of Lewis T. Bond, in the Vernoy note to the amount of $2,515.74, to the plaintiff, H. A. Benbury, administratrix of John A. Benbury deceased, was made before the assignment to the plaintiff Etheridge. He therefore finds, that the plaintiff H. A. Benbury's claim is entitled to be paid first out of said fund with interest thereon from February 16th, 1867, the date of the assignment.

The following exhibits accompany the report of the Clerk:

A.

I. Lewis T. Bond, have for value received, transferred and assigned to H. A. Benbury, administratrix of John A. Benbury with will annexed of John A. Benbury, deceased, twenty-five hundred and fifteen dollars and seventy-four cents of a bond given by Melford Vernoy to me dated 26th day of February, 1866, and due two years after date, bearing interest from date, which said bond is in the possession of L. S. Webb and secured by a mortgage bearing even date with said bond and recorded in the Register's office of Bertie county, and I do hereby authorize and empower the said H. A. Benbury or his executors and assigns to use my name for the collection of the same in any proceeding in law or equity which may be necessary for that purpose, and for me and in my name to grant and receipt or acquittance for the amount hereby transferred or assigned, which said sum is to bear interest from date. Witness my hand and seal, this 16th day of February, 1867.

(Signed) LEWIS T. BOND, [SEAL.]

B.

I, Lewis T. Bond, have, for value received, transferred and assigned to Joseph H. Etheridge and William T. Sutton, sum-

51

viving trustees of David Outlaw, thirty-three hundred and seventeen 17-100 dollars of a bond given by Melford Vernoy, to me, dated the 26th day of February, 1866, and due two years after date, bearing interest from date, which said bond is in possession of L. S. Webb, and secured by a mortgage bearing even date with said bond, and recorded in the Register's office of Bertie county. And I do hereby authorize and empower the said Joseph H. Etheridge and William T. Sutton, trustee, &c., their executors and assigns, to use my name for the collection of the same, in any proceeding in law or equity, which may be necessary for this purpose and for me and in my name to grant and receipt or acquittance for the amount hereby transferred or assigned, which said sum is to bear interest from this date.

Witness my hand and seal this 18th Feb'y, 1867.

[Signed].                LEWIS T. BOND, (SEAL.)

The counsel for the plaintiff, Etheridge, excepted to the finding of the Clerk, claiming " that the plaintiffs are entitled equally *pro rata* to the fund in question.

*Smith & Strong* and *D. M. Carter*, for the plaintiffs.

No counsel *contra*, in this court.

PEARSON, C. J.   We think the view, taken by the Clerk of the question made by the exception, is correct.   The legal effect of the assignment of Bond, was to vest in Beubury a specific sum in the note of Vernoy, to which Benbury was entitled in severalty, leaving the residue of the amount of the note in Bond, to be enjoyed by him or his assignee in severalty, after taking out the specific sum assigned to Benbury. So the idea of having a " tenancy in common," has nothing to rest on, and Etheridge, who took an assignment of another specific sum after the assignment to Benbury, stands in the shoes of Bond.

Exception overruled and report confirmed.

PER CURIAM.                Judgment accordingly.